

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| JOSE CRISTOBAL CARDONA | DOCKET NO. 06-CV-1705 |
| VERSUS | JUDGE DRELL |
| F. MENIFEE, ET AL | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint of Plaintiff Jose Cristobal Cardona, filed pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971). Plaintiff filed suit *in forma pauperis* on October 2, 2006. Cardona is an inmate at the United States Penitentiary in Pollock, Louisiana ("USP-P"). Cardona claims that he is being denied meaningful access to the courts and that the defendants are violating his First Amendment rights by limiting his correspondence with another inmate.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff claims that he was forced to file a "next friend" habeas petition for his friend, Santos Fernandez, an inmate "with a learning disability and attention deficit disorder." Some time after Plaintiff's "next friend" petition was filed, Mr. Fernandez was transferred from USP-P to another federal prison. Plaintiff alleges that he needed to correspond with Fernandez regarding the lawsuit, so he sought permission to do so. Plaintiff claims that permission was arbitrarily denied by Defendants K. Montgomery and F. Menifee. Plaintiff claims that he was therefore denied access to the courts, which resulted in the denial and dismissal of Mr. Fernandez's habeas petition. Plaintiff

also claims that he has a right to correspond with Fernadez pursuant to the First Amendment to the United States Constitution.  [Doc. #1-1, p.3]

## LAW AND ANALYSIS

### 1.    Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C.1997e(c)(1).

A hearing need not be conducted for every pro se complaint. See Wilson v. Barrientos, 926 F.2d 480, 483, n. 4 (5th Cir. 1991).  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986).  District courts must construe in forma pauperis complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact.  See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias at 97.

## 2.    Access to Courts

Plaintiff claims that the limitation on his ability to correspond with Fernandez resulted in a denial of his right to access the courts. The right of access to the courts assures that no person will be denied the opportunity to present to the judiciary non-frivolous allegations concerning violations of fundamental constitutional rights. Lewis v. Casey, 518 U.S. 343 (1996); Norton v. Dimazana, 122 F.3d 286, 289 (5th Cir.1997). Additionally, in order to prevail, a plaintiff must allege facts to establish that he suffered some prejudice as a result of the deprivation. The prejudice requirement has long been established by Supreme Court and Fifth Circuit jurisprudence. See Lewis v. Casey, 518 U.S. at 350-355; Eason v. Thaler, 73 F.3d at 1328; Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir.1993).

Plaintiff contends that the defendants' actions interfered with his ability to successfully litigate a habeas corpus claim on behalf of his friend, Mr. Fernandez. This claim is frivolous. First, the habeas petition that Cardona filed on behalf of his friend in Fernandez v. U.S., 1:00-cr-00156 (WDTX), was dismissed as being time barred by three years. Additionally, Plaintiff is not an attorney, nor had he been appointed Fernandez's "next friend;" thus, he did not have standing to assert constitutional claims on behalf of Fernandez. Plaintiff has not shown that he was prevented from filing claims on his own behalf or presenting arguments regarding any alleged violation of his

own constitutional rights.[2]

Moreover, Plaintiff cannot establish that he suffered any injury from the dismissal of another prisoner's habeas case. The Supreme Court has stated, " '[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). The Supreme Court concluded that one necessary condition for "next friend" standing in federal court is a showing by the proposed "next friend" that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability. The Supreme Court further stated, "These limitations on the 'next friend' doctrine are driven by the recognition that '[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends.'" Id. at 163 (citations omitted).

Plaintiff does not allege that he was appointed "next friend" by the court. Moreover, a review of the court record in Fernandez v. U.S., 1:00-cr-00156 (WDTX), establishes that no "next friend" was appointed in the case. Moreover, a "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. See Whitmore v. Arkansas, 495 U.S. 149, 163 (1990), citing Morgan v. Potter, 157 U.S. 195 (1895); Nash ex rel. Hashimoto v. MacArthur, 87 U.S.App.D.C. 268, 269-270 (1950), cert. denied, 342 U.S. 838 (1951). Plaintiff could not possibly have been denied meaningful access to the court in another person's habeas case, nor can he establish that he suffered any injury from the alleged constitutional deprivation. Therefore, Plaintiff has failed to state a claim

---

[2]In fact, this is Plaintiff's second civil rights suit filed in this district in 2006. Cardona v. Tuite, 1:06-cv-1171 (WDLA 7/7/06) was dismissed as frivolous and for failing to state a claim for which relief could be granted.

for which relief can be granted, and his access to court claim should be dismissed with prejudice.

**3.      Freedom of Speech**

Plaintiff claims that the defendants are impinging on his freedom of speech by limiting his ability to correspond with Fernandez.  First, although prisoners retain, generally, the right of free speech, that speech must not be inconsistent with legitimate prison interests.  Thus, not all speech is protected by the First Amendment.  See Reyes v. McEachern, 123 Fed.Appx. 150, 150-151 (5th Cir. 2005).  To establish a violation of his First Amendment right, the plaintiff must do more than point to the existence of a generic First Amendment right. He must also establish that he exercised that right in a manner consistent with his status as a prisoner.  See Freeman v. Texas Dept. of Criminal Justice, 369 F.3d 854, 864 (5th Cir. 2004).

Plaintiff's right to correspond with an inmate at another federal institution is limited by 28 C.F.R. § 540.17, which provides:

> An inmate may be permitted to correspond with an inmate confined in any other penal or correctional institution, providing the other inmate is either a member of the immediate family, or is a party or a witness in a legal action in which both inmates are involved. The Warden may approve such correspondence in other exceptional circumstances, with particular regard to the security level of the institution, the nature of the relationship between the two inmates, and whether the inmate has other regular correspondence. The following additional limitations apply:
>
> (a)      Such correspondence at institutions of all security levels may always be inspected and read by staff at the sending and receiving institutions (it may not be sealed by the inmate); and
>
> (b)      The Wardens of both institutions must approve of the correspondence.

28 CFR 540.17.

Plaintiff claims that he and Fernandez should be allowed to correspond pursuant to the first sentence of Section 540.17 because the men are both parties in a legal action.  However, a search of

the presumptively reliable PACER database of cases filed in the United States Courts fails to show the existence of any litigation involving both Cardona and Mr. Fernandez as parties or witnesses. Even if Plaintiff had been appointed "next friend" of Mr. Fernandez in the now dismissed habeas corpus case, Plaintiff would still not have been a "party" to that lawsuit. "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Whitmore, 495 U.S. at 163; citing Morgan v. Potter, 157 U.S. 195, 198 (1895); Nash, ex rel. Hashimoto v. MacArthur, 87 U.S.App.D.C. 268, 269-270 (1950), cert. denied, 342 U.S. 838 (1951).

As for the constitutionality of the regulation limiting correspondence between inmates, the Supreme Court has previously held that a rule barring inmate-to-inmate correspondence was reasonably related to legitimate security interests. See Turner v. Safley, 482 U.S. 78, 93 (U.S. 1987). Also, the Federal Bureau of Prisons ("BOP") has concluded that restrictions on inmate correspondence are necessary to protect institutional order and security. See, e. g., 28 CFR § 540.17 (1986). The courts have recognized that the monitoring of every piece of inmate correspondence would clearly impose more than a de minimis cost on the pursuit of legitimate corrections goals. "The risk of missing dangerous communications, taken together with the sheer burden on staff resources required to conduct item-by-item censorship... supports the judgment of prison officials that this alternative is not an adequate alternative to restricting correspondence." See Turner, 482 U.S. at 93. The BOP regulation is reasonably related to a legitimate penological interest, and it does not unconstitutionally burden Plaintiff's First Amendment rights. See Victoria W. v. Larpenter 369 F.3d 475, 484 (5th Cir. 2004); Howard v. Keohane, 898 F. Supp. 459 (D. Ky. 1995); Turner 482 U.S. at 93.

6

For the foregoing reasons, Plaintiff cannot establish that his civil rights have been violated. Accordingly,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint (42 U.S.C. §1983) be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §1915 and §1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _10th_ day of _April_____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE